1 | Robyn E. Bladow (Bar No. 205189)
2 | **KIRKLAND & ELLIS LLP**
3 | 333 South Hope Street
  | Los Angeles, CA 90071
4 | Telephone: (213) 680-8400
  | Facsimile: (213) 680-8500
5 | robyn.bladow@kirkland.com

*Counsel for Defendant Colgate-Palmolive Company*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA L. VIGIL, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>     v.<br><br>COLGATE-PALMOLIVE CO.<br><br>            Defendant. | Case No. [XXX]<br><br>**NOTICE OF REMOVAL** |

Defendant Colgate-Palmolive Company ("Colgate"), by and through its counsel, hereby gives notice of the removal of this action, from the Superior Court of the State of California for the County of Alameda to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on the following facts.

## BACKGROUND

1. Plaintiff Melissa Vigil filed this putative class action in the Superior Court of the State of California, Alameda County on December 2, 2016. *See* Exhibit B-1 ("Complaint" or "Compl."). Colgate was served on January 24, 2017, and Colgate has filed this Notice of Removal within thirty (30) days of its receipt of Plaintiff's Complaint, which was the first pleading received by Colgate, through service or otherwise, setting forth the claim for relief upon which this action is based. This notice is therefore timely under 28 U.S.C. § 1446(b).

2. Plaintiff alleges she is a resident of Alameda, California. Compl. ¶ 4.

3. Colgate is a Delaware corporation with its principal place of business in New York, New York. Among other things, Colgate manufactures Optic White® toothpaste, an innovative whitening toothpaste that is uniquely formulated to whiten teeth with hydrogen peroxide.

4. Plaintiff alleges that "[b]eginning on or around August 2015, Plaintiff regularly purchased Colgate Optic White toothpaste at a Target store in Alameda, California." *Id.* ¶ 4. According to Plaintiff, Colgate falsely advertised that Optic White "Deeply Whitens" teeth, "Goes Beyond Surface Stain Removal To Deeply Whiten," and that "Optic White toothpaste is clinically proven to whiten teeth with peroxide. It goes beyond surface stains unlike ordinary toothpastes." *Id.* ¶ 8. Because Plaintiff alleges these statements were false, she contends they were made in violation of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*, False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, and California common law governing

1  express warranties and fitness for a particular purpose.  *Id.*  Counts I-VII.

2      5.    Plaintiff previously filed a materially similar complaint in this Court on

3  May 18, 2016.  *See Vigil v. Colgate-Palmolive Co.*, Case No. 4:16-cv-02697, Dkt. 1

4  (N.D. Cal.).  After her motion to transfer was denied by the Judicial Panel on

5  Multidistrict Litigation, and after Colgate filed a motion to dismiss or stay

6  proceedings, Plaintiff voluntarily dismissed that action.  *See id.* Dkts. 16, 20, 21.

## BASIS FOR REMOVAL

8      6.    Congress enacted the Class Action Fairness Act ("CAFA") to "ensur[e]

9  'Federal court consideration of interstate cases of national importance.'"  *Standard*

10 *Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1350 (2013) (citation omitted).  Under

11 CAFA, this Court has original jurisdiction over any civil action where:  (1) any class

12 member is a citizen of a state different from any defendant; (2) the proposed class

13 consists of at least 100 members; and (3) the aggregate amount in controversy exceeds

14 $5,000,000.  *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), (d)(6).  All of these requirements

15 for this Court's exercise of original jurisdiction are met here, and thus this action is

16 properly removed.  *See id.* § 1453(b)

17     7.    First, there is minimal diversity of citizenship.  Minimal diversity exists

18 because Plaintiff is a citizen of California and Colgate is a Delaware corporation with

19 its principal place of business in New York.  *Miss. ex rel. Hood v. AU Optronics*

20 *Corp.*, 134 S. Ct. 736, 740 (2014) ("Under [CAFA's diversity] requirement, a federal

21 court may exercise jurisdiction over a class action if 'any member of a class of

22 plaintiffs is a citizen of a State different from any defendant.'") (quoting 28 U.S.C. §

23 1332(d)(2)(A)); *see also* Compl. ¶¶ 4-5; 28 U.S.C. § 1332(c)(1) (for purposes of

24 diversity, a corporation is deemed to be a citizen of the state(s) in which it is

25 incorporated and where it has its principal place of business).

26     8.    Second, the putative class contains at least 100 class members.  *See* 28

27 U.S.C. § 1332(d)(5)(B). Plaintiff brings this action on behalf of "[a]ll persons in

28 California who, within the relevant statute of limitations period, purchased, [sic]

1  Colgate Optic White toothpaste." Compl. ¶ 29.  The face of the Complaint confirms
2  that the putative class contains over 100 members.  Plaintiff alleges "[a]lthough
3  Plaintiff does not yet know the exact size of the Class, Optic White is sold in major
4  retail stores across California, including stores such as Target, and Walgreens.  Major
5  online retailers include Amazon.com and Drugstore.com.  Upon information and
6  belief, the Class includes more than one million members." *Id.* ¶ 33.

7      9.    Third, the amount in controversy exceeds $5,000,000. *See* 28 U.S.C.
8  § 1332(d)(2).  To remove on the basis of CAFA, "a removing party must initially file
9  a notice of removal that includes 'a plausible allegation that the amount in controversy
10  exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193,
11  1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*,
12  135 S. Ct. 547, 554 (2014)).  The Court then determines whether the amount in
13  controversy has been proven by a preponderance of the evidence. *Id.*

14      10.    Here, Plaintiff seeks compensatory and related damages on behalf of
15  herself and the putative class. *See* Compl. Prayer for Relief.  Specifically, Plaintiff
16  seeks "full restitution of all monies paid to Defendant as a result of their deceptive
17  practices." Compl. ¶¶ 80, 88, 95.  In order to determine the amount that has been put
18  at issue by Plaintiff's Complaint, Colgate reviewed its business records to determine
19  the total sales of Optic White in California within the relevant time period.  Colgate
20  licenses access to various types of syndicated market data compiled and maintained by
21  The Nielsen Company ("Nielsen").  Ex. A, Decl. of Rita Gallagher, ¶ 2.  Nielsen
22  tracks and maintains retail level sales data for various markets, including the
23  toothpaste market, by compiling "scan data" from consumer purchases. *Id*.  This data
24  represents each time a UPC code on a particular package is scanned at a retail store.
25  *Id*.  Although Colgate does not have access to sales figures on a state-wide basis, it
26  does maintain Nielsen data for major markets, including San Francisco and Los
27  Angeles.  Based upon a review of these records, the total sales of Optic White in San
28  Francisco and Los Angeles in 2016 alone exceeded $12 million. *See id*. ¶ 4, Ex. 1.

3

1  Even assuming Plaintiff seeks only a portion of the amount consumers have paid for
2  Optic White, the amount in controversy of this litigation is unquestionably higher than
3  $5 million (particularly considering that the over $12 million in sales cited above only
4  accounts for sales in 2016 alone, and only in two cities, not in the state of California
5  as a whole).

6  11.   None of CAFA's narrow exceptions apply. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1019, 1021-22 (9th Cir. 2007) (explaining that once CAFA's prerequisites have been met, "the party seeking remand bears the burden of proof as to any exception under CAFA"). The local-controversy exception does not apply because Colgate is not a citizen of California. *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II) (requiring in part that "at least [one] defendant is a defendant . . . who is a citizen of the State in which the action was originally filed"). Neither the home-state controversy exception nor the discretionary jurisdiction exception applies for the same reason. *See id.* § 1332(d)(4)(B) (requiring in part that "the primary defendants[] are citizens of the State in which the action was originally filed" for the home-state controversy exception); *id.* § 1332(d)(3) (requiring in part that "the primary defendants are citizens of the State in which the action was originally filed" for the discretionary jurisdiction exception). Therefore, this Court has jurisdiction under CAFA.

### NOTICE TO THE STATE COURT

12.   Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all adverse parties and filed with the Superior Court of the State of California, Alameda County, where this case was originally filed.

### STATE COURT PLEADINGS PROVIDED

13.   Colgate attaches hereto as Exhibits B-1 through B-4 all other process, pleadings, and orders previously served upon it in the state court action.

14.   By removing this action to this Court, Colgate does not waive any defenses.

## **VENUE**

15. The state court in which this case was commenced is within this Court's federal district. Therefore, this action is properly removable to this Court pursuant to 28 U.S.C. § 1446(a).

16. Accordingly, for the above reasons, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant Colgate-Palmolive Company respectfully provides notice that this action, filed in the Superior Court of the State of California for Alameda County, is removed to this Court, and that no further proceedings shall be had in state court.

DATED: February 23, 2017    Respectfully submitted,

　　　　　　　　　　　　　　　　　 *s/ Robyn E. Bladow*
　　　　　　　　　　　　　　　　Robyn E. Bladow (Bar No. 205189)
　　　　　　　　　　　　　　　　KIRKLAND & ELLIS LLP
　　　　　　　　　　　　　　　　333 South Hope Street
　　　　　　　　　　　　　　　　Los Angeles, CA 90071
　　　　　　　　　　　　　　　　Telephone: (213) 680-8400
　　　　　　　　　　　　　　　　Facsimile: (213) 680-8500
　　　　　　　　　　　　　　　　robyn.bladow@kirkland.com

　　　　　　　　　　　　　　　　*Counsel for Defendant*
　　　　　　　　　　　　　　　　*Colgate-Palmolive Company*

# PROOF OF SERVICE

I, Laura Bay, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 333 South Hope Street, Los Angeles, California 90071.

On February 23, 2017, the foregoing document was served on the interested parties in this action as follows:

[ X ] By placing the document listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

FINKELSTEIN & KRINSK LLP
Jeffrey R. Krinsk
David J. Harris, Jr.
A. Trent Ruark
Trenton R. Kashima
550 W. C Street, Suite 1760
San Diego, California 92101
Telephone: (619) 238-1333

[X] (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 23, 2017 at Los Angeles, California.

_____
Laura Bay

NOTICE OF REMOVAL                 6                 Case No. [XXX]