FINKELSTEIN & KRINSK LLP
Jeffrey R. Krinsk, Esq. (SBN 109234)
jrk@classactionlaw.com
550 West C St., Suite 1760
San Diego, California 92101
Telephone: (619) 238-1333
Facsimile:  (619) 238-5425

*Attorneys for Plaintiff Melissa L. Vigil et al.*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| **MELISSA L. VIGIL**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>**COLGATE-PALMOLIVE CO.** ,<br><br>Defendants. | Case No: 4:17-cv-00929-SBA<br><br>**PLAINTIFF'S AMENDED OPPOSITION TO DEFENDANT COLGATE-PALMOLIVE MOTION TO DISMISS OR STAY PROCEEDINGS IN FAVOR OF FIRST-FILED LITIGATION**<br><br>Judge: Hon. Saundra Brown Armstrong<br>Hearing Date: April 12, 2017<br>Time: 1:00 P.M. |

- 1 -

PLAINTIFF'S AMENDED OPPOSITION TO DEFENDANTS' MOTION     Case No. 4:17-cv-00929-SBA
TO DISMISS

## I.     INTRODUCTION

Plaintiff and putative class representative Melissa L. Vigil  (the "Plaintiff") respectfully partially oppose the Motion to Dismiss Or Stay (Docket # 15) filed by Defendant Colgate-Palmolive Corporation ("Colgate" respectively, "Defendant"). Plaintiff is unopposed to accepting a stay in this matter pending a resolution in the related case.  However, Plaintiff respectfully requests that the Court not dismiss this action as the related action is unlikely to be an adequate vehicle for the complete resolution of the issues between the parties because it is still in its early stages, is forcefully opposed by Defendant, and to dismiss this action would irreparably harm the Plaintiff.

Defendant originally noticed its Motion to Dismiss or Stay on March 2, 2017.  Plaintiff originally filed her Opposition on March 16, 2017. Defendant thereafter filed its Amended Notice of Motion and Motion to Stay or Dismiss and its Reply on March 23, 2017.

## II.     RELEVANT FACTS AND PROCEDURAL HISTORY

The Plaintiff brought this action against Defendant for falsely representing that Colgate Optic White toothpaste ("Optic White") "Goes Beyond Surface Stain Removal To Deeply Whiten," that Optic White "Deeply Whitens," and that the peroxide in Optic White is clinically proven to whiten and go beyond surface stain removal. In fact, Colgate Optic White toothpaste only reaches surface stains by abrading teeth, does not go beyond surface stain removal, and does not deeply whiten teeth. Because Colgate Optic White toothpaste does not function as a whitening agent on intrinsic stains, Defendant's representations are false and misleading.

Plaintiff sought relief individually and on behalf of all California purchasers of Colgate Optic White toothpaste for: (1) breach of express and implied warranties; (2) for violation of Civil Code §§ 1750, *et seq*., the California Consumer Legal Remedies Act ("CLRA");  (3) for violation of Bus. & Prof. Code §§ 17200, *et seq*., California's Unfair Competition Law ("UCL"); and (4) for violation of Bus. & Prof. Code §§ 17500, *et seq*., California's False Advertising Law ("FAL").

The Plaintiff filed this instant matter on behalf of a California only class in the Superior

PLAINTIFF'S AMENDED OPPOSITION TO DEFENDANTS' MOTION          Case No. 4:17-cv-00929-SBA
TO DISMISS

Court of California, Alameda County on December 2, 2016.[1]  Nonetheless, on February 23, 2017, Defendant served a Notice of Removal.  On March 2, 2017, Colgate filed a Motion to Dismiss or Stay Proceedings in Favor of a previously filed litigation that failed to address California on a state only basis, *Jacqueline Dean v. Colgate-Palmolive Company*, No. 5:15-cv-00107-JGB-DTB (C.D. Cal.).

### III.   ARGUMENT

Under the 'first-to-file' rule, when cases involving the same parties and issues have been filed in two different districts, the second district court has the *discretion* to transfer, stay, or dismiss the latter case in the interest of efficiency and judicial economy. *See Cedars-Sinai Medical Center v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997) (affirming denial of first-to-file motion). The first to file rule is "not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration." *Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93, 95 (9th Cir. 1982). "The district court retains the discretion . . . to disregard the first-to-file rule in the interests of equity." *Adoma v. Univ. of Phoenix, Inc.*, 711 F.Supp.2d 1142, 1146 (E.D. Cal. 2010)(denying motion under first-to-file rule; citations omitted).

When arguing that a case should be stayed or dismissed, the "party moving for a stay [and to dismiss] 'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage done to someone else.'" *In re Literary Works in Elec. Databases Copyright* Litig., 2011 WL 204212, at *2 (S.D.N.Y. Mar. 1, 2011) (quoting *Landis v. N.Am. Co.,* 299 U.S. 248, 255 (1936)).  When a district court decides to

---

[1] Defendant attempts to bias the Court by focusing almost entirely on Plaintiff's earlier federal case, which she voluntarily dismissed.  Indeed. Defendant devotes nearly an entire page of their nine page Motion to the previous case and mentions it throughout the brief. Absent explicit conditions to the contrary, a voluntary dismissal under Fed.R.Civ.P. 41(a) wipes the slate clean, making any future lawsuit based on the same claim an entirely new lawsuit unrelated to the earlier dismissed action, leaving "the parties as though no action had ever been brought." *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995)(citing *Brown v. Hartshorne Public School Dist. No. 1*, 926 F.2d 959, 961 (10th Cir. 1991).

- 3 -

PLAINTIFF'S AMENDED OPPOSITION TO DEFENDANTS' MOTION          Case No. 4:17-cv-00929-SBA
TO DISMISS

grant a stay or dismissal, "it presumably concludes that the parallel litigation will be an adequate vehicle for the complete resolution of the issues between the parties." *Id.* (citation omitted).

Defendant alleges there is "no reason in equity or otherwise for this case to proceed and for multiple courts to decide the same issues." Def. Mem. At 7. However, Defendant misstates its obligation to satisfy its burden and has failed to substantiate a case of hardship or inequity if required to go forward if, as here, there is a fair possibility that the stay will do damage to valid interests.  A stay would impose a minimal burden on Defendant while preserving Plaintiff's valid interests. *Jacqueline Dean v. Colgate-Palmolive Company*, which Defendant cites to support its proposition that this case should be stayed or dismissed, does not have a nationwide or California class certified. *Jacqueline Dean v. Colgate Palmolive Company*, No. 5:15-cv-00107-JGB-DTB (C.D. Cal.) (hereinafter "*Dean*"). Indeed, Defendant has taken the position that it "does not believe any class will be certified in *Dean.* Def. Mem. At 5, Ft. 1.

On February 8, 2017, Defendant filed an extensive Opposition to the *Dean* plaintiffs' Application for Class Certification.  *Dean v. Colgate,* ROA 71-73. As part of Colgate's *Dean* opposition, Defendant states that the *Dean* plaintiff lacks the standing to even bring a claim under the UCL, FAL or CLRA, the main claims of this case.  *See Dean* ROA 72, pp. 7. Defendant additionally argues that the *Dean* plaintiff lacks the ability to establish the reliance or typicality to adequately represent the class. *Id.* at 10-1.  Defendant proceeded to also argue that the vast majority of the proposed *Dean* class is not subject to California law. *Id.* 21-3.  Defendant is so confident the *Dean* plaintiff will be unable to obtain class certification and that it currently is requesting the *Dean* Application for Class Certification be dismissed with prejudice. *Id.* at 25.  Therefore, Defendant cannot state in good faith it believes that the pending *Dean* action will prove to be an 'adequate vehicle for the complete resolution of the issue between the parties.'

- 4 -

Defendant is unable to promise this Court that *Dean* will ever be resolved or will adequately protect Plaintiff's interests in this matter. Defendant can only truthfully allege that the *Dean* case and Plaintiff's case are similar, and even Defendant agrees that the class periods of *Dean* and the instant matter are different. Should the *Dean* case be dismissed or inadequately resolve California issues, this action will be necessary. Dismissal of these proceedings neither achieves judicial efficiency or equitable considerations central to the first-to-file rule and will critically prejudice Plaintiff's ability to protect her California interests.

In light of the above, the Plaintiff in this matter may be amenable to a stay of this matter pending resolution of *Dean* case and respectfully requests the Court not grant Defendant's motion to dismiss.

## IV.     CONCLUSION

For all the foregoing reasons, Plaintiff Melissa L. Vigil respectfully requests that the Court at least deny Defendant's motion to dismiss and await disposition of *Dean* prior to proactively reconsidering the stay.

DATED: March 29, 2017                    Respectfully submitted,

                                         FINKELSTEIN & KRINSK LLP

                                         By: /s/ Jeffrey R. Krinsk_____

                                         Jeffrey R. Krinsk, Esq.
                                         550 West C St., Suite 1760
                                         San Diego, CA 92101
                                         Telephone:  (619) 238-1333
                                         Facsimile:   (619) 238-5425

                                         *Attorney for Plaintiff Melissa L. Vigil et al.*

- 5 -

PLAINTIFF'S AMENDED OPPOSITION TO DEFENDANTS' MOTION                Case No. 4:17-cv-00929-SBA
TO DISMISS